IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:13-CV-00432-JRG-RSP |
| FIDELITY NATIONAL INFORMATION SERVICES, INC., et al., | § § § § | |
| Defendants. | § | |

### ORDER

In this patent case, DataTreasury Corporation sued Bankers Bancorp of Oklahoma, Inc. and The Bankers Bank for infringement of two patents relating to check processing. Compl. [Dkt. # 1]. The parties agreed to dismiss the action after the PTAB invalidated the asserted claims and the Federal Circuit affirmed those decisions. *See* J. Status Report [Dkt. # 210]; Agreed Mot. for Dismissal With Prejudice [Dkt. # 211].

Defendants now ask the Court to conclude this case is exceptional and justifies an award of fees under 35 U.S.C. § 285. Defs.' Motion [Dkt. # 214]. For the following reasons, the Court will **DENY** that request.

**I.     BACKGROUND**

In May 2013, DataTreasury sued Defendants for infringement of U.S. Patents 5,910,988 and 6,032,137. Compl. [Dkt. # 1]. DataTreasury alleged Fidelity infringed the patents by offering various banking products or services to others (including Defendants),

who in turn infringed the asserted patents by providing, selling, or licensing those products or services to their customers. *Id.*

In November 2013, Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6). Defs.' Mot. to Dismiss [Dkt. # 93]. The motion argued DataTreasury's allegations against Defendants were conclusory and failed to state a plausible claim. *Id.*

Defendants' motion to dismiss also argued the allegations of infringement were simply false. Defendants proffered an affidavit averring (1) Defendants did not provide any banking or bank-related products or services to financial institutions or other entities; and (2) Defendants had never obtained, by purchase, license, or otherwise, any product or service from Fidelity. Keeling Decl. (Nov. 12, 2013) [Dkt. # 93-1].

In December 2013, Fidelity and other defendants moved to stay the action pending the outcome of CBMR proceedings. Defs.' Mot. to Stay [Dkt. # 195]. The Court granted the stay, Order [Dkt. # 202], and the PTAB ultimately invalidated the asserted claims. After the Federal Circuit affirmed the PTAB decisions, the parties moved to dismiss the case. *See* J. Status Report [Dkt. # 210]; Agreed Mot. for Dismissal With Prejudice [Dkt. # 211].

Defendants claim this case is exceptional because DataTreasury's suit was frivolous and objectively unreasonable. Defs.' Motion [Dkt. # 214] at 6. According to Defendants, DataTreasury had no reasonable basis to allege that Defendants infringed its patents. *Id.* Instead, DataTreasury should have known, based in part on Defendants' Rule 12(b)(6) motion, Defendants did not process checks or use electronic images in a manner covered by the asserted claims. *Id.*

## II. APPLICABLE LAW

A district court may award reasonable attorney's fees to prevailing patent litigants in exceptional cases. 35 U.S.C. § 285. Such an award includes "those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Maxwell v. Angel-Etts of California, Inc.*, 53 Fed. Appx. 561, 569 (Fed. Cir. 2002) (internal quotations omitted).

To be entitled to an award under § 285, the prevailing party must prove the case is "exceptional" by a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health and Fitness, Inc.*, 134 S. Ct. 1749, 1758 (2014). "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which was litigated." *Id.* at 1756.

"District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* These circumstances include motivation, objective unreasonableness, and considerations of compensation and deterrence. *See id.* n.6.

"A case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness*, 134 S. Ct. at 1757. A showing of subjective bad faith only requires "lack of objective foundation for the claim 'was *either* known *or* so obvious that it should have been known' by the party asserting the claim." *Kilopass Tech, Inc. v. Sidense Corp.*, 738 F.3d

1302, 1310 (Fed. Cir. 2013) (emphasis in original). Actual knowledge of baselessness is not required. *Id.* A patentee's attempt to cripple a competitor's business can also support a finding of subjective bad faith. *See Checkpoint Sys., Inc. v. All-Tag Security, S.A.*, No. 01- 2223, 2015 WL 4941793, at *3 (E.D. Penn. Aug. 18, 2015) (mem. op.) (finding patentee "brought suit in bad faith with the improper motive of crippling [competitors'] business").

## III. DISCUSSION

This case does not "stand out from others" under a preponderance-of-the-evidence standard. In reaching that conclusion, the Court notes two points in particular.

Foremost, despite that Defendants contend the evidence was clear they should have been dismissed, Defendants never moved for summary judgment. Instead, Defendants moved to dismiss based on insufficient pleadings. And given this case was ultimately resolved by way of PTAB proceedings, even now there has been no finding as to the merits of Defendants' noninfringement position. The Court is simply faced with Defendants claiming they never infringed, and DataTreasury proceeding with the litigation according to the Court's schedule. That does not weigh in favor of an "exceptionality" finding.

Second, Defendants acknowledge they withheld at least some information from DataTreasury. *See* DataTreasury's Resp. [Dkt. # 215] at 1 ("DataTreasury repeatedly sought information to substantiate TBB's allegations that it should not be a party to this case. [Defendants'] ignored DataTreasury's requests."); Defs.' Reply [Dkt. # 216] ("[Defendants] decided not to share specific vendor information with [DataTreasury]."). Rather,

Defendants asked DataTreasury to take Defendants' word they didn't infringe. *See* Nelson Letter (Nov. 5, 2013) [Dkt. # 216-4] ("We are . . . satisfied that TBB cannot, under any conceivable set of circumstances, have committed any of the infringing acts alleged by DataTreasury in the Complaint."). So be it, but the Court has difficulty concluding Data-Treasury's continuing the litigation was unreasonable in light of Defendants' refusal to provide all information requested by DataTreasury.

## IV.  CONCLUSION

Defendants have not carried their burden of showing this case is "exceptional." To the contrary, the Court finds this case to be closer to ordinary. The Court therefore **DENIES** the motion.

**SIGNED this 13th day of November, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE